**UNITED STATES of America,**

v.

**Perry COUSINS, Defendant.**

**Criminal No. 4:10cr47.**

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 7, 2012.

---

Eric M. Hurt, Howard J. Zlotnick, Robert E. Bradenham, II, Valerie S. Muth, Newport News, VA, for Plaintiff.

Lawrence H. Woodward, Esquire, Virginia Beach, VA, Gregory B. Turpin, Esquire, Andrew A. Protogyrou, Esquire, Norfolk, VA, for Defendant.

### ·ORDER

REBECCA BEACH SMITH, Chief Judge.

This matter is before the court on defendant's Motion for Permission to Release Copies of Transcripts to Defendant ("Motion"), filed on January 20, 2012. The government filed its objection to release of the transcripts on January 24, 2012. The Motion is now ripe for review. For the reasons set forth below, the court **DENIES** defendant's Motion.

On May 12, 2011, at the conclusion of a seven-day jury trial, the defendant was found guilty of Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, 19, 28, and 29 of the Superseding Indictment.[1] The court sentenced the defendant to a total term of life, plus seven hundred twenty (720) months, to be served consecutively.[2] The defendant appealed the judgment of the court on August 17, 2011. The United States Court of Appeals for the Fourth Circuit appointed Andrew Protogyrou to represent the appellant on appeal.

As part of his appellate representation, defense counsel has obtained transcripts of this court's proceedings involving the defendant. Defense counsel now moves the court for permission to send copies of the transcripts to the defendant, so that he may assist counsel in preparation of his appeal. The government objects to release of copies of the transcripts to the defendant. In support of its position, the government asserts that "[d]uring the trial and in preparation for the trial, the United States addressed security concerns for the safety of its witnesses." Government's Objection 1, ECF No. 251. The government is concerned that by providing the defendant with copies of the trial transcripts, the defendant would again be allowed "to intimidate the witnesses by sharing transcripts with fellow inmates." *Id.*

▇▇ "It is well settled that an indigent criminal defendant is entitled to a transcript of prior proceedings, at the government's expense, if it is reasonably necessary to present an effective defense at the subsequent proceeding." *United States v. Johnson*, 584 F.2d 148, 157 (6th Cir.1978) (citing 18 U.S.C. § 3006A(e)(1), and *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971)). However, that is not the issue here, as transcripts of the proceedings in this case have been prepared and defendant's appellate counsel is in possession of those documents. The issue instead is whether the court must also provide the defendant with personal copies of those transcripts. When the defendant is represented on appeal, the individual defendant "has a reduced need for the transcript of [a] hearing." *United States v. Talib*, 2:07cr3, 2008 WL 749620, at *1, 2008 U.S. Dist. LEXIS 22666, at *2 (W.D.Va. Mar. 21, 2008) (citing *United States v. Moussaoui*, 333 F.3d 509, 512 n. 3 (4th Cir.2003), for the related proposition that "the right of self-representation does not extend to appeals"). Further, as the government's objection

---

1. Because the details concerning each of the charges are lengthy and not relevant to disposition of this motion, the court refrains from relisting them here. .

2. *See* Judgment, ECF No. 217.

points out, the court is not being asked to prevent this defendant from accessing the transcripts, but only to prevent him from gaining custody of them. *See* Government's Objection 2.

■ Conversely, there are strong factors in this case that caution against even the usual provision of copies to defendants. Similar to the circumstances in *Talib,* the court agrees with the government that providing this defendant with his own copies of the transcripts presents a "substantial risk" of retaliation. *See id.* at *1, 2008 U.S. Dist. LEXIS 22666 at *2. The court received evidence at sentencing, as well as during the trial, that the defendant and his associates purposefully engaged in witness intimidation. *See, e.g.,* Presentence Investigation Report ¶ 22(e), ECF No. 210 (defendant and associates "[u]sed intimidation, violence, and threats of violence against potential witnesses to thwart law enforcement efforts to successfully prosecute members of the Enterprise for their criminal activities"). The court is concerned that the defendant would use copies of the transcripts to intimidate or retaliate against the witnesses in his case.

Accordingly, defendant's Motion for Permission to Release Copies of Transcripts to Defendant is **DENIED.**[3] The Clerk is **DIRECTED** to send a copy of this Order to defendant, defense counsel, and to the United States Attorney.

**IT IS SO ORDERED.**

---

**3.** Nothing in this order prevents Mr. Protogyrou from meeting with the defendant to go through the transcripts. The court places no restriction on the ability of the defendant to access and review transcripts from his case, so long as he is not permitted to retain or copy the transcripts themselves.